# IN THE UNITED STATES DISTRICT COURT

## FOR THE

## SOUTHERN DISTRICT OF IOWA

## CENTRAL DIVISION

---

| | | |
|---|---|---|
| Benjamin M. Murphy, | ) | U.S. District Court Case No. |
| Plaintiff, Pro Se, | ) | (to be assigned) |
| | ) | |
| v. | ) | |
| | ) | |
| Anne Sheeley, Official Capacity, | ) | Complaint for Declaratory and |
| Clerk of the District Court for | ) | Injunctive Relief |
| Polk County, Iowa, | ) | Pursuant to |
| Donna Humpal, Official Capacity, | ) | 42 U.S.C. § 1983 and the |
| Clerk of the Iowa Supreme Court, | ) | U.S. Constitution - Amendments |
| Bob Gast, Official Capacity, | ) | I & XIV |
| Iowa State Court Administrator, | ) | |
| Defendants. | ) | |

---

1

## I. INTRODUCTION

This is a civil action for prospective declaratory and injunctive relief to remedy an ongoing constitutional injury: Plaintiff – an indigent parent appealing termination of his parental rights – has been denied access to the sealed appellate record being used to adjudicate his appeal. Plaintiff does not ask this Court to review or reverse any state-court judgment on the merits. Plaintiff seeks only access to the record relied upon in the pending appeal, or at minimum an itemized inventory/index and party-accessible copy subject to appropriate protective measures, so that Plaintiff can meaningfully exercise his right to appellate review.

In Plaintiff's Iowa Supreme Court appeal no. 25-1408, the court denied Plaintiff's motion to unseal (and/or alternative request for an inventory/index) without reaching the substance of Plaintiff's constitutional access arguments. The continued sealing as applied to Plaintiff prevents meaningful briefing and renders *de novo* review unverifiable and effectively *ex parte*.

## II. JURISDICTION AND VENUE

**(A.)** This Court has jurisdiction under **28 U.S.C. § 1331** and **28 U.S.C. § 1343(a)(3)**. Plaintiff brings this action under **42 U.S.C. § 1983** for ongoing violations of rights secured by the Constitution, including procedural due process and meaningful access to the courts.

**(B.)** This action seeks only prospective declaratory and injunctive relief against state officials sued in their official capacities to remedy ongoing violations of federal constitutional rights. Accordingly, this suit is authorized under the doctrine of ***Ex parte Young*, 209 U.S. 123 (1908)**, and is not barred by the **Eleventh Amendment**.

**(C.)** Venue is proper under **28 U.S.C. § 1391(b)** because Defendants perform official duties in this District and substantial events giving rise to the claim occurred here.

2

**III. PARTIES**

**(1.) Plaintiff** Benjamin M. Murphy is a natural person and the biological and legal father of a minor child. Plaintiff is the Appellant in Iowa Supreme Court Appeal No. 25-1408 arising from termination of parental rights proceedings in Polk County, Iowa, case no. JVJV254370 and the related JVJV252508 CINA case.

**(2.) Defendant** Anne Sheeley, Clerk of District Court for Polk County, is sued in her official capacity as custodian of trial-level filings, transcripts, and transmitted materials that form the appellate record.

**(3.) Defendant** Donna Humpal, Clerk of the Iowa Supreme Court, is sued in her official capacity as the custodian of the appellate docket and record for Appeal No. 25-1408 and the official responsible for implementing record access rules and record dissemination to parties.

**(4.) Defendant** Bob Gast, Iowa State Court Administrator, is sued in his official capacity as the official responsible for administration of Iowa's court record systems, including access, processing, and distribution of court records to parties and counsel.

**IV. FACTUAL ALLEGATIONS**

**A. The appeal concerns fundamental rights and requires meaningful review.**

Plaintiff's parental rights are a fundamental liberty interest protected by the **Fourteenth Amendment**. Plaintiff is pursuing appellate review in a termination-of-parental-rights (TPR) matter in which Iowa appellate courts apply *de novo* review to the record. *De novo* review presupposes that the reviewing court and the parties can access the record being reviewed.

**B. The appellate record is sealed such that Plaintiff cannot inspect what is being relied upon.**

In Iowa Appeal No. 25-1408, the record transmitted from the district court has been treated as sealed in a manner that deprives Plaintiff – an actual party and the Appellant of record – of meaningful access to the contents of the record being used to decide his case. Because Plaintiff cannot inspect the record, Plaintiff cannot determine what materials were transmitted, cannot verify completeness, cannot identify omissions or extraneous inclusions, and cannot effectively brief issues requiring record citation. The sealing prevents Plaintiff from verifying whether the appellate record contains materials outside the proper case (including potential sibling-case materials), and prevents Plaintiff from testing whether findings in the TPR order rest on incorrect or untested factual assumptions.

**C. Plaintiff sought unsealing or, at minimum, an inventory/index and party access; the Iowa Supreme Court denied without substantive ruling.**

Plaintiff filed a motion requesting that the appellate record be unsealed to Plaintiff, or alternatively that the court order an inventory/index or other party-access mechanism sufficient to permit meaningful appellate review under *de novo* standards. Plaintiff anchored the request in constitutional access principles, including the requirement that an indigent parent must have adequate access to the materials necessary to pursue appellate review of termination.

The Iowa Supreme Court denied Plaintiff's unsealing request without substantively addressing the access-to-record arguments, and without ordering a workable alternative (such as a sealed-but-party-accessible record, inventory/index, or protective-order framework). As a result, Plaintiff remains unable to inspect the record being used in his appeal, while the State and other parties are able to litigate from full access.

**D. The ongoing sealing produces ongoing constitutional harm.**

The continued denial of record access is an ongoing injury that compounds with every appellate deadline and filing. Plaintiff is forced to brief and litigate "blind," unable to cite, challenge, or correct the record relied upon by the reviewing court. The effect is functionally *ex parte* review: the reviewing court can consult a body of materials Plaintiff cannot see, while Plaintiff is expected to meaningfully participate. **This denies Plaintiff procedural due process and meaningful access to the courts, independent of the merits of the underlying termination judgment**.

**V. CLAIMS FOR RELIEF**

**COUNT I –  Procedural Due Process (Fourteenth Amendment):**

Denial of meaningful access to the record used to adjudicate fundamental parental rights – Plaintiff realleges paragraphs 1-12. Procedural due process requires notice and a meaningful opportunity to be heard at a meaningful time and in a meaningful manner. Where a State affords appellate review in a termination case, due process requires that the parent have sufficient access to the record necessary to pursue that review. By maintaining the appellate record under seal in a manner that denies Plaintiff access to the materials used to adjudicate his appeal – and denying unsealing or a workable alternative – Defendants are causing an ongoing deprivation of Plaintiff's due process rights.

The deprivation is not cured by sealing from the public; the constitutional violation is the sealing as applied to the party- in this case the Appellant, preventing meaningful participation and review. Plaintiff seeks prospective relief to end the ongoing denial of due process and to ensure the record used in the appeal is accessible to the Appellant, under protective measures if necessary.

5

**COUNT II –  Denial of Meaningful Access to the Courts (First and Fourteenth Amendments):**

Plaintiff realleges paragraphs 1-12. The Constitution protects a litigant's meaningful access to the courts. Denying an appellant the record necessary to prosecute an appeal, while the appeal proceeds and deadlines run, effectively blocks access and renders appellate review illusory. By maintaining the record under seal without providing party access, inventory, or other workable mechanism, Defendants have imposed an ongoing barrier to Plaintiff's ability to access the appellate process. Plaintiff seeks prospective injunctive relief restoring access necessary to prosecute his appeal.

**COUNT III — Equal Protection (Fourteenth Amendment):**

Unequal access to the record in a fundamental-rights appeal –

Plaintiff realleges paragraphs 1-12. Plaintiff is an indigent *pro se* appellant in a fundamental-rights appeal. As applied, the sealing regime operates to deny Plaintiff access while other participants with institutional roles are able to litigate with full record visibility, creating unequal ability to participate in the appellate process. The resulting disparity burdens Plaintiff's ability to obtain meaningful appellate review and implicates equal protection principles. Plaintiff seeks prospective relief ensuring the record is accessible to Plaintiff on equal terms as necessary to prosecute the appeal.

**VI. NO REQUEST TO REVERSE STATE JUDGMENTS; PROSPECTIVE RELIEF ONLY**

Plaintiff does not request that this Court reverse or vacate the termination judgment, enjoin the Iowa Supreme Court from deciding the appeal, or adjudicate the merits of the state proceedings. Plaintiff seeks only an order ensuring that the record used in the appeal is available to Plaintiff – subject to protective measures if necessary – so Plaintiff can meaningfully participate and brief his claims.

**VII. DEFENDANTS ARE NOT ENTITLED TO ABSTENTION UNDER ANY RECOGNIZED DOCTRINE**

Defendants may assert that this Court should decline jurisdiction under abstention doctrines. That argument fails as a matter of law. This action falls outside the scope of *Younger, Rooker–Feldman, Pullman,* and *Burford* abstention, and presents the precise category of post-judgment, structural constitutional injury for which federal courts retain both jurisdiction and obligation to act.

**A. Younger abstention does not apply to post-judgment, appellate-stage constitutional injury:**

*Younger* abstention applies only to ongoing state proceedings of a limited and exceptional nature. ***Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013)**. The Eighth Circuit strictly construes *Younger* and repeatedly holds that it does not apply once a state proceeding has reached final judgment. See ***Minn. Living Assistance, Inc. v. Peterson*, 899 F.3d 548, 552 (8th Cir. 2018)**.

Here, the juvenile court has entered a final termination of parental rights judgment. Plaintiff is no longer subject to an ongoing adjudicatory proceeding; he is an appellant seeking meaningful appellate review. The constitutional injuries alleged arise after judgment, during the appellate transmission and access phase, and therefore fall outside *Younger's* reach. Even if the State asserts a continuing interest in juvenile matters, Plaintiff does not seek to enjoin child-welfare proceedings, alter custody determinations, or interfere with state adjudication. Plaintiff challenges only the post-judgment denial of access to the appellate record, which is a distinct and independent constitutional injury.

Moreover, *Younger* abstention is unavailable where the state forum does not afford an adequate opportunity to raise federal claims. ***Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)**. A system that denies a litigant access to the appellate record necessary to present claims cannot be deemed adequate. The Eighth Circuit recognizes that procedural barriers which

foreclose meaningful participation defeat abstention. ***Plouffe v. Ligon***, **606 F.3d 890, 894 (8th Cir. 2010)**.


**B. Rooker–Feldman is inapplicable because Plaintiff does not seek review of the State judgment:**

The ***Rooker–Feldman*** doctrine applies only where a federal plaintiff complains of injury caused by a state-court judgment and seeks its reversal. ***Exxon Mobil Corp. v. Saudi Basic Indus. Corp.***, **544 U.S. 280, 284 (2005)**. The Eighth Circuit applies this doctrine narrowly. ***Webb v. Smith***, **936 F.3d 808, 814 (8th Cir. 2019)**.

Plaintiff does not ask this Court to overturn the termination order, reassess evidence, or substitute its judgment for that of the juvenile court. Instead, Plaintiff challenges independent constitutional violations arising from administrative and procedural conduct following judgment – namely, the transmission of a sealed appellate record under access restrictions that exclude the self-represented parent. The Eighth Circuit has consistently held that claims alleging injury from the manner in which state procedures are administered, rather than from the judgment itself, are not barred by ***Rooker–Feldman.*** See ***Prince v. Ark. Bd. of Exam'rs***, **380 F.3d 337, 341 (8th Cir. 2004)**.

**C. Pullman and Burford abstention are inapplicable because no unsettled state-law question exists:**

*Pullman* abstention applies only where a federal constitutional question might be mooted by resolution of an unclear state-law issue. *Beavers v. Ark. State Bd. of Dental Exam'rs*, **151 F.3d 838, 841 (8th Cir. 1998)**. *Burford* abstention applies only where federal review would disrupt a complex state administrative scheme.

Plaintiff does not challenge the meaning of Iowa confidentiality statutes or seek interpretation of ambiguous state law. The security classifications and access rules at issue are already fixed and known. The sole question is whether their application violates the federal Constitution when they deny a parent access to the appellate record in a termination case. Federal courts do not abstain merely because a case arises from a sensitive subject area. *Night Clubs, Inc. v. City of Fort Smith*, **163 F.3d 475, 481 (8th Cir. 1998)**.

**D. Abstention is particularly disfavored where fundamental rights and ongoing injury are alleged:**

Parental rights are fundamental liberty interests protected by the **Fourteenth Amendment**. *Santosky v. Kramer*, **455 U.S. 745, 753 (1982)**. The Eighth Circuit has repeatedly emphasized that federal courts must not abstain where plaintiffs allege ongoing constitutional violations affecting fundamental rights and seek prospective relief. *Heartland Acad. Cmty. Church v. Waddle*, **427 F.3d 525, 531 (8th Cir. 2005)**. Because Plaintiff alleges continuing injury and seeks declaratory and injunctive relief to restore meaningful appellate access, abstention is legally improper.

## VIII. THIS ACTION IS FIRMLY GROUNDED IN CONTROLLING SUPREME COURT AND EIGHTH CIRCUIT PRECEDENT

This complaint is anchored in settled constitutional principles governing access to courts, procedural due process, and equal protection – particularly in the context of parental-rights termination and appellate review.

**A. Once a state provides an appeal, it must be meaningful and even-handed:**

Once a state provides a civil appeal, appellate procedures must comply with due process and equal protection. *Evitts v. Lucey*, **469 U.S. 387, 393 (1985)**. The Eighth Circuit has expressly recognized that appellate processes must afford litigants a meaningful opportunity to be heard.

*United States v. Hawkins*, **76 F.3d 545, 547 (8th Cir. 1996)**. An appeal is constitutionally meaningless where the appellant is denied access to the record necessary to identify error and present argument.

**B. Due Process requires access to the record necessary to prosecute an appeal:**

Procedural due process requires notice and a meaningful opportunity to be heard. *Mathews v. Eldridge*, **424 U.S. 319, 333 (1976)**. In parental-rights cases, heightened procedural protections apply. *M.L.B. v. S.L.J.*, **519 U.S. 102, 121 (1996).** The Supreme Court has held that states may not erect procedural barriers that effectively foreclose appellate review in termination cases. Here, Defendants transmitted a sealed appellate record under a security designation that excludes Plaintiff, depriving him of the tools required to prosecute his appeal and rendering appellate review illusory.

**C. Equal protection prohibits disparate access to appellate processes:**

The **Equal Protection Clause** prohibits states from granting access to appellate processes to some litigants while denying it to others without adequate justification. ***Griffin v. Illinois*, 351 U.S. 12, 18 (1956)**. The Eighth Circuit applies this principle where procedural rules disproportionately burden a discrete class. ***Klinger v. Dep't of Corr.*, 31 F.3d 727, 731 (8th Cir. 1994)**.

The access regime at issue permits institutional actors and court personnel to review the appellate record while excluding the self-represented parent whose rights are at stake. This disparity lacks a rational basis where it undermines appellate review rather than serving legitimate confidentiality interests.

**D. Declaratory and Injunctive Relief are proper to remedy ongoing structural violations:**

Federal courts possess authority to issue declaratory and prospective injunctive relief to remedy ongoing constitutional violations. ***Ex parte Young*, 209 U.S. 123 (1908)**. Declaratory relief is appropriate where it will clarify legal relations and guide future conduct. ***Steffel v. Thompson*, 415 U.S. 452, 462 (1974)**. The Eighth Circuit has emphasized that declaratory relief is especially appropriate where plaintiffs seek to correct systemic barriers affecting access to courts.

**E. These legal principles directly support the relief requested:**

The declaratory and injunctive relief sought by Plaintiff is narrowly tailored to enforce these constitutional requirements **by:**

Declaring that denial of appellate record access to a self-represented parent violates due process and equal protection, declaring that transmission of a sealed appellate record without providing the appellant access renders appellate review constitutionally inadequate, and by enjoining Defendants from maintaining or enforcing access restrictions that deny Plaintiff meaningful participation in his

appeal. Because Plaintiff alleges concrete, ongoing injury traceable to Defendants' conduct and redressable by prospective relief, this action presents a justiciable case or controversy under **Article III**.

## IX. CONCLUSION

Viewed under any applicable legal lens – whether through controlling Supreme Court and Eighth Circuit precedent governing access to courts and meaningful appellate review; through the **Due Process** and **Equal Protection Clauses** of the **Fourteenth Amendment**; through the **First Amendment** right of access to judicial proceedings and records; or through **Article III** principles requiring a real and effective opportunity to be heard – the result is the same. The challenged practices deprive Plaintiff, a self-represented parent, of meaningful access to the appellate record, impose unequal and unjustified barriers to participation in the appellate process, and inflict ongoing constitutional injury in a case implicating fundamental parental rights. No abstention doctrine, procedural technicality, or jurisdictional reframing alters this conclusion. Because the injuries alleged are concrete, continuing, and redressable, and because the relief requested is narrowly tailored to restore constitutionally required access and procedural equality, declaratory and injunctive relief are not merely appropriate but compelled. Accordingly, Plaintiff respectfully submits that this Court should grant the requested relief in full.

## X. REQUEST FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that the Court:

**(1.)** Declare that Defendants' ongoing denial of Plaintiff's access to the appellate record used in Appeal No. 25-1408 violates Plaintiff's rights under the First and Fourteenth Amendments;

**(2.)** Preliminarily and permanently enjoin Defendants, in their official capacities, to provide Plaintiff with party access to the appellate record used in Appeal No. 25-1408, through one or more of the following constitutionally adequate mechanisms:

**(a.)** A sealed-but-party-accessible record portal access;

**(b.)** Provision of an electronic copy of the record to Plaintiff subject to confidentiality terms;

**(c.)** Provision of a complete, itemized inventory/index of every transmitted filing, order, exhibit, and transcript, with a method for Plaintiff to view each item;

**(d.)** Redaction of personally identifying information (to protect the child) while still providing Plaintiff the substantive record necessary for appeal;

**(3.)** Order that any confidentiality concerns be addressed through a protective order rather than a seal that excludes the party-Appellant; and

**(4.)** Grant any additional prospective relief necessary to ensure Plaintiff's meaningful access to the courts and due process in his pending appeal.

<u>**Respectfully Submitted,**</u>
Benjamin M. Murphy
**/s./**    Benjamin M. Murphy
Plaintiff, Pro Se
**Contact Information:**
1438 Asbury Lane
Waterloo, IA 50701
**E-mail:** m86324818 @ gmail.com